**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EQULLA M. BROTHERS, as the Personal
Representative and Administratrix of the
Estate of Daryl Clinton, Deceased,

     Plaintiff - Appellant,

v.

TOMMIE JOHNSON, III, Oklahoma
County Sheriff in his official capacity,

     Defendant - Appellee.

No. 23-6127

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:21-CV-00418-SLP)**
_____

Geoffrey A. Tabor of Glass & Tabor, LLP, Norman, Oklahoma, for Plaintiff - Appellant.

Rodney J. Heggy (Carri A. Remillard and Aaron Etherington, Assistant District
Attorneys of Oklahoma County District Attorney's Office, with him on the brief),
Oklahoma City, Oklahoma, for Defendant - Appellant.
_____

Before **PHILLIPS**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

**KELLY**, Circuit Judge.
_____

     Plaintiff-Appellant Equlla M. Brothers, the personal representative of the

estate of Daryl Clinton, appeals from a verdict on her municipal liability claim, 42

U.S.C. § 1983, in favor of Defendant-Appellee Tommie Johnson III, the Oklahoma County Sheriff in charge of the Oklahoma County Jail.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Background

### A.  Factual background

Mr. Clinton died on August 10, 2019, four days after he was booked into the Jail.  He was arrested after he backed his car into a pole at a gas station while under the influence.  Aplt. App. 635–39, 642–43.  He was then transported to St. Anthony's Hospital where he was evaluated by doctors after the car accident, and a CT scan showed no abnormalities with his cervical spine.  Id. at 704–07.  He was discharged on August 6 with instructions to follow up within two days.  Id. at 1088.

Mr. Clinton was then assigned to the Jail's medical floor.  His vital signs were reportedly normal during this time, and there was no indication of major blood loss. Id. at 712–13.  But over the next several days Mr. Clinton reported to medical personnel that: (1) he was unable to urinate (and was catheterized as a result), id. at 1028, and (2) he could not move his arms or upper body or get out of bed, id. at 1132, 1040–41.  At one point, Mr. Clinton's cellmate had a mental breakdown because he was tired of feeding Mr. Clinton and because Mr. Clinton defecated on himself.  Id. at 1041.  Medical and jail personnel were aware of Mr. Clinton's complaints, and video evidence shows Mr. Clinton lying seemingly immobile in his bed.  However, nurses maintained that Mr. Clinton was lying about his inability to move his arms or upper body.  Id. at 1037, 1040–41, 806 (citing Def. Exh. 22 video

2

showing Mr. Clinton moving his arms during his intake).

On August 10, an officer came to check on Mr. Clinton and found him lying in a pool of his own waste.  Id. at 1141.  When officers returned to clean up, they found Mr. Clinton on the floor unresponsive.  Id.  He was transported to St. Anthony's hospital and pronounced dead.  The cause of death was listed as blunt force trauma to the cervical spine.  Id. at 1057.

In addition to the circumstances of Mr. Clinton's death, Plaintiff presented evidence that the Jail had been investigated numerous times since 2008 for deficient medical care, including a Department of Justice investigation.  Aplt. Br. at 3, 17–19; Aplt. App. 39–42, 822–1007.

### B.  Procedural history

In her complaint, Plaintiff alleged that Mr. Johnson, in his official capacity as Sheriff in charge of the Jail, was deliberately indifferent to Mr. Clinton's serious medical needs in violation of his Fourteenth Amendment rights as a pretrial detainee. The district court recognized that this official capacity claim was in essence a municipal liability claim, Aplt. App. 45–46, and denied Mr. Johnson's motion for summary judgment.  Plaintiff's municipal liability claim was the sole remaining claim at trial, and Mr. Johnson was the sole remaining defendant. [1]  Id. at 32.

At trial, the jury returned a verdict for Mr. Johnson using a general verdict

---

[1] Plaintiff originally sued several other defendants, including the health clinic that provides medical staffing at the Jail and an individual doctor, but the claims against all other defendants were resolved.

form.  Although Plaintiff now challenges the sufficiency of the evidence to support

the jury's verdict, at no point did Plaintiff move for judgment as a matter of law

before the verdict under Federal Rule of Civil Procedure 50(a) or make a renewed

post-verdict motion for judgment as a matter of law under Rule 50(b), two essential

prerequisites for such a challenge to an adverse verdict.  See Mountain Dudes v. Split

Rock Holdings, Inc., 946 F.3d 1122, 1130–31 (10th Cir. 2019).

Jury instructions 13–23 covered the § 1983 claim.  At trial, Plaintiff objected

to instructions 18 and 23.  Jury instruction 18 was titled "Violation of a

Constitutional Right."  When prompted, Plaintiff objected to one sentence of one

paragraph of the instruction.  Aplt. App. 778–80.  That paragraph reads:

> Deliberate indifference requires more than mere negligence or lack of
> ordinary care.  Negligence in diagnosing or treating a medical condition,
> or an inadvertent failure to provide adequate medical care, does not
> constitute deliberate indifference.

Id. at 1809.  Plaintiff objected only to the second sentence, explaining that it was not

included in other instructions from the Western and Northern Districts of Oklahoma.

Id. at 779–80.  Jury instruction 23 was titled "Deliberate Indifference by the

County[,]" and Plaintiff objected to the addition of "or inadvertence" in one sentence

from that instruction: "Negligence or inadvertence does not constitute deliberate

indifference."  Id. at 780–81, 1814.  The district court overruled both objections.

After the judgment, Plaintiff filed a motion to contact the jury.  Id. at 1824–28.

Plaintiff made no allegation of juror misconduct in the motion but stated: "Plaintiff

desires to contact jurors to gauge items such as what was discussed during

deliberation, what items the jury focused on, and what jurors thought of the deliberation overall." Id. at 1825.  Plaintiff attached a proposed form letter to the jurors explaining that contact would be voluntary and that "insights into what juries found relevant and important in a case is extremely helpful information for improving our work and profession." Id. at 1828.  The district court denied the motion, explaining that juror interviews are generally disfavored and that the curiosity or desire of a lawyer to improve is not a compelling justification to contact the jury. Id. at 1830.

### Discussion

On appeal, Plaintiff argues that: (1) the evidence at trial was insufficient to support the verdict in favor of Mr. Johnson and that judgment should be entered in her favor and/or the case remanded for further proceedings; (2) the jury instructions misled the jury on Plaintiff's systemic failure claim; and (3) the district court abused its discretion in denying Plaintiff's motion to contact the jury.  We find that Plaintiff waived the first two issues, and we affirm on the third issue.

### A. Plaintiff waived her challenge to the sufficiency of the evidence by failing to raise a Rule 50(a) or 50(b) motion or argue plain error.

In her opening brief, Plaintiff argues the evidence at trial was insufficient because no rational jury could find for Mr. Johnson on a municipal liability claim based on a systemic failure of medical policies and procedures.  Aplt. Br. at 6–7; see Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1144 (10th Cir. 2023) (explaining that municipal liability can exist without individual liability under a

systemic failure theory).  To preserve a challenge to the sufficiency of the evidence

on appeal, a party must move for judgment as a matter of law at the close of evidence

(pre-verdict) under Rule 50(a) and renew its motion post-verdict under Rule 50(b).

Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 399–401, 402 n.4,

404–05 (2006); Mountain Dudes, 946 F.3d at 1130–31; Home Loan Inv. Co. v. St.

Paul Mercury Ins. Co., 827 F.3d 1256, 1265–66 (10th Cir. 2016) ("The Supreme

Court has instructed that compliance with the requirements of Rule 50 is

mandatory.").

The purpose of Rule 50 is to notify the district court and the opposing party of

any deficiency in the case before it is submitted to a jury — thereby allowing either

party the chance to rectify the deficiency.  Mountain Dudes, 946 F.3d at 1130–31.  In

keeping with this purpose, the post-verdict motion may only advance arguments

made in the pre-verdict motion.  Id. at 1131.  Here, it is undisputed that Plaintiff

failed to make either motion.  Plaintiff has failed to address the waiver on appeal or

argue plain error in her opening brief, and we do not review an issue for plain error

when it is not properly presented.  See United States v. Leffler, 942 F.3d 1192, 1196

(10th Cir. 2019).  Nor did Plaintiff file a reply brief after Mr. Johnson raised the

waiver issue in his response brief.

When asked at oral argument about the absence of any Rule 50 motion,

Plaintiff's counsel stated that he consciously chose not to bring either motion.  Oral

Argument at 1:26–1:40.  He argued that this court could still order a new trial despite

the lack of a Rule 50 motion, id. at 1:40–1:56, but the Supreme Court foreclosed the

possibility of such relief in <u>Unitherm Food Systems, Inc.</u>, 546 U.S. at 404, when it

held that a party cannot seek a new trial on appeal after failing to bring a Rule 50(b)

motion, notwithstanding that a Rule 50(a) motion was brought.  Plaintiff's counsel

otherwise did not address the sufficiency of the evidence issue at oral argument.

Because Plaintiff failed to make any Rule 50 motion before the district court or argue

plain error on appeal, the sufficiency of the evidence argument is waived, and we do

not otherwise consider it sua sponte.

### B.  Plaintiff's current objections to jury instructions 18 and 23 are waived.

We review a district court's decision to give a particular instruction for abuse

of discretion and whether the instructions accurately state the law de novo.  <u>United

States v. Sorensen</u>, 801 F.3d 1217, 1228–29 (10th Cir. 2015).  Under our de novo

review, we consider whether the instructions were misleading as a whole and only

reverse given "substantial doubt that the jury was fairly guided[.]"  <u>Id.</u> at 1229

(citation omitted).  To preserve an objection to jury instructions on appeal, the

objection at the district court "must distinctly state the matter objected to and the

grounds for the objection."  <u>Allan v. Springville City</u>, 388 F.3d 1331, 1333 (10th Cir.

2004) (citing Fed. R. Civ. P. 51(c)).  "[A]n excessively vague or general objection to

the propriety of a given instruction is insufficient to preserve the issue for appeal."

<u>Medlock v. Ortho Biotech, Inc.</u>, 164 F.3d 545, 553 (10th Cir. 1999).

Plaintiff's current objections to jury instructions 18 and 23 are waived.  First,

Plaintiff objects on appeal to more language from each instruction than she

previously objected to before the district court.  For instruction 18, at trial she only

objected to one sentence stating that negligence in medical care did not constitute deliberate indifference, Aplt. App. 778–79, but on appeal she objects to multiple paragraphs, Aplt. Br. at 22–25.  For instruction 23, at trial Plaintiff only objected to the addition of "or inadvertence" in the last sentence of the instruction, Aplt. App. 780–81, but on appeal she objects to the entire last sentence, Aplt. Br. at 25.  She has thus waived any objection to instruction language that she did not raise before the district court.

Second, Plaintiff argues that jury instructions 18 and 23 misled the jury into thinking an underlying act of deliberate indifference was required to reach a judgment for Plaintiff, when under Tenth Circuit law a systemic failure claim can be based on the combined acts or omissions of employees even if not deliberately indifferent.  See Quintana v. Santa Fe Cnty. Bd. of Comm'rs, 973 F.3d 1022, 1033–34 (10th Cir. 2020).  But she did not argue this reasoning before the district court — her only explanation for her objections before the district court was that no jury instructions from other Oklahoma district court cases contained the same language (namely, "inadvertence").  She has thus also waived these grounds for the objection.

To the extent Plaintiff's original objections to jury instructions 18 and 23 survive, we do not find that the instructions were misleading or that the district court abused its discretion in overruling Plaintiff's objections.  Both instructions clarified the distinct requirements under a systemic failure theory for finding a constitutional violation and evaluating the County's deliberate indifference as part of Plaintiff's municipal liability claim.  Aplt. App. 1808–09, 1814.

**C. The district court did not abuse its discretion by denying Plaintiff's motion to contact the jury.**

Western District of Oklahoma Local Rule 47.1 bars "attorneys [from] approach[ing] or speak[ing] to jurors regarding the case unless authorized by the court, upon written motion." When considering a motion to contact the jury, the district court balances the "right to an impartial jury against the risks of juror harassment and jury tampering[,]" and this court will "uphold the denial of a motion where [an] allegation of misconduct is unsubstantiated." Green Const. Co. v. Kan. Power & Light Co., 1 F.3d 1005, 1012 (10th Cir. 1993). The district court has "wide discretion" to protect the jurors from external communication from attorneys or the press. J. Pub. Co. v. Mechem, 801 F.2d 1233, 1236 (10th Cir. 1986).

We find no abuse of discretion. In its motion to contact the jury, Plaintiff alleged no juror misconduct that would justify the request. Her only stated reason for contacting the jury was to inquire into the jurors' deliberations. Plaintiff's other proffered reasons for her request to contact the jury are equally uncompelling. Finally, at oral argument Plaintiff characterized her motion to contact the jury as a request to poll the jury, but at trial she failed to request that the district court poll the jury before it was dismissed. Oral Argument at 2:44–3:13. She has therefore waived that request.

**AFFIRMED**.